UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORNEE EURING,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, *et al.*,

    Defendants.
_____/

Case No. 2:19-cv-11675
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

# **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MICHIGAN FIRST CREDIT UNION'S MOTION TO COMPEL DISCOVERY AND BAR PLAINTIFF FROM SEEKING CERTAIN DAMAGES AS A DISCOVERY SANCTION (ECF 25)**

This matter came before the Court for consideration of Defendant Michigan First Credit Union's motion to compel discovery and for sanctions (ECF 25), Plaintiff's response in opposition (ECF 28), Defendant's reply (ECF 30), and the parties' joint list of unresolved issues (ECF 33). Judge Friedman referred this motion to me for a hearing and determination. (ECF 26.) A hearing was held on November 15, 2019, at which counsel appeared and the Court entertained oral argument regarding Defendant's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by

reference as though fully restated herein, Defendant's motion to compel and for sanctions (ECF 25) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The Court finds that, by claiming damages for mental anguish, suffering, humiliation and embarrassment resulting in stress, frustration, anxiety, headaches, loss of sleep and other forms of emotional distress (ECF 1 at ¶¶ 37, 43; ECF 25 at Pg. Id. 215), Plaintiff has alleged more than garden variety emotional damages, *see Kubik v. Central Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at *4-5 (E.D. Mich. Mar. 17, 2016), and has placed both his mental and physiological health at issue, *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) ("But when Maday put her emotional state at issue in the case, she waived any such privilege…."). Thus, the information and records sought by Defendant as part of this motion are relevant, and Plaintiff has waived any privilege to such information that might otherwise apply.

- The Court also overrules Plaintiff's objections to Defendant's Interrogatory No. 3 and Request for Production No. 6 (ECF 25 at Pg. Ids. 202, 208), as neither is ovebroad. Accordingly, Plaintiff shall fully answer **Defendant's Interrogatory No. 3** and fully respond to **Defendant's Request for Production No. 6**, without further objection and in compliance with the Fed. R. Civ. P. 33 & 34, by **Monday, November 25, 2019**. As explained on the record, the five-year look-back period requested in Interrogatory No. 3 is reasonable.

- Defendant's request for sanctions in the event Plaintiff fails to comply with the Court's order is **DENIED** as premature.

Finally, pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court awards attorney's fees to Holzman Law, PLLC, the firm representing Defendant Michigan First Credit Union, in the total amount of **$956.25**, to be paid by Plaintiff's attorney of record Gary D. Nitzkin by **Monday, November 25, 2019**. In so doing, the Court

2

finds reasonable the $150/hour rate requested by Defendant's attorney Michael V. Krempa in light of his representations to the Court that he has been in the practice of law for seven years and works at an eight-attorney firm in Southfield, Michigan, as well as 8.5 hours total for work on the motion (6 hours to prepare the motion papers − reduced 50% from the 12 hours requested − and 2.5 hours for travel and attendance at the hearing), and further reduced by 25%, as Defendant failed to fully prevail. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

**IT IS SO ORDERED.**

Dated: November 18, 2019

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE