UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORNEE EURING,

    Plaintiff,                                        Civil Action No. 19-CV-11675

vs.                                              HON. BERNARD A. FRIEDMAN

EQUIFAX INFORMATION
SERVICES, LLC, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING THE MOTION OF DEFENDANT
MICHIGAN FIRST CREDIT UNION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on the motion of defendant Michigan First Credit Union ("MFCU") for summary judgment [docket entry 50]. Plaintiff has responded and MFCU has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

This is a credit reporting case. Plaintiff alleges that MFCU and two other defendants[1] "are inaccurately reporting their tradelines (collectively 'Errant Tradelines') onz Plaintiff's Equifax and Trans Union credit disclosures." Compl. ¶ 6. MFCU allegedly "is inaccurately reporting its tradelines . . . with an erroneous monthly payment. . . . The accounts reflected by the Errant [MFCU] Tradelines are charged off and closed. Plaintiff no longer has an obligation to make monthly payments." *Id.* ¶¶ 9-10. In January 2019, plaintiff asked Equifax and Trans Union to report the monthly payments as "$0." *Id.* ¶ 16. These credit reporting

---

[1] The other two defendants are Santander Consumer USA, Inc. d/b/a Chrysler Capital and One Detroit Federal Credit Union. Plaintiff has stipulated to the dismissal of the complaint as to the former, and the Court has granted summary judgment for the latter. *See* docket entries 37 and 49.

agencies forwarded plaintiff's dispute to MFCU and the other furnishers of information. *Id.* ¶ 17. When plaintiff checked his credit reports in March 2019, he saw that the requested change had not been made. *Id.* ¶¶ 18-19.

Alleging that he "has suffered credit and emotional damages," *id.* ¶ 20, plaintiff asserts a claim against MFCU in Count III of his complaint for negligent violation of the Fair Credit Reporting Act ("FCRA") for "negligently fail[ing] to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b)," *id.* ¶ 34, and for "failing to direct Equifax and Trans Union to report the Errant Tradelines with a monthly payment of $0." *Id.* ¶ 35. Plaintiff further alleges that "[t]he Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file." *Id.* ¶ 36. In Count IV, plaintiff asserts a claim against MFCU for willful violation of the FCRA based on the same allegations. *See id.* ¶¶ 40-43.

Defendant MFCU seeks summary judgment on a number of grounds, but one is dispositive and therefore consideration of the others is unnecessary. Under the FCRA, plaintiff must show that defendant furnished inaccurate information to the credit reporting agencies, and defendant argues persuasively that the "errant" tradelines at issue in this case are not inaccurate.

Plaintiff has attached copies of his Equifax and TransUnion credit reports to his response as Exhibits 5 and 6. Among other information, the Equifax report (Pl.'s Ex. 5) shows plaintiff's line of credit with MFCU with a $5,000 limit, an account status of "Closed," a payment status of "Collection/Charge-Off," a balance and amount past due of $4,780, a monthly payment of $150, and the date the account was opened. This report also indicates that payments were late in June, July, August, and September 2015, and that the account has been in

"Collection/Charge-Off" status since October 2015. The Equifax report gives the same type of information regarding a second account plaintiff had with MFCU with a $2,000 limit, an account status of "Closed," a payment status of "Collection/Charge-Off," a balance and amount past due of $1,712, a monthly payment of $101, and the date the account was opened. As to this account, this report also indicates that payments were late in June, July, August, and September 2015, and that the account has been in "Collection/Charge-Off" status since October 2015.

Plaintiff's TransUnion report (Pl.'s Ex. 6) is quite similar to Equifax's. Regarding the $5,000 account, TransUnion's report indicates the dates when the account was opened and closed, an account status of "Closed - Derogatory," a payment status of "Collection/Charge-Off," a monthly payment of $0, and a remark that the account was "Charged off as bad debt." Regarding the $2,000 account, TransUnion's report indicates the dates when the account was opened and closed, an account status of "Closed - Derogatory," a payment status of "Collection/Charge-Off," a monthly payment of $101, and a remark that the account was "Charged off as bad debt."

Plaintiff's dispute, as presented to the credit reporting agencies and as alleged in his complaint, is that the "monthly payment" on Equifax's and TransUnion's reports as to both of his MFCU accounts should be $0 because both accounts "h[ave] been charged off and therefore no monthly payment is owed." *See* Pl.'s Exs. C and D (plaintiff's dispute letters to Equifax and TransUnion).[2]

---

[2] In these letters, plaintiff made the same complaint regarding two other credit accounts, one with Chrysler Capital, which reported a monthly payment of $580, and one with Communicating Arts CU, which reported a monthly payment of $46. As with his two MFCU accounts, plaintiff complained that these accounts had been "charged off and therefore no monthly payment is owed." As with his MFCU accounts, plaintiff asked that

3

The monthly payment amounts furnished by MFCU are not inaccurate. To the contrary, they are accurate historical information that MFCU may furnish to the credit reporting agencies without violating plaintiff's rights under the FCRA. The Court addressed this issue at length in its opinion granting summary judgment for another defendant in this case, One Detroit Federal Credit Union, which, like MFCU, reported monthly payments other than $0 on two charged-off loans it had extended to plaintiff. *See Euring v. Equifax Info. Servs., LLC*, No. 19-CV-11675, 2020 WL 1508344 (E.D. Mich. Mar. 30, 2020). The Court adopts the analysis presented in that opinion and grants summary judgment for MFCU for the same reasons. In particular, the Court emphasizes that the reported monthly payments in the present case are not inaccurate because no one reading plaintiff's credit reports, whether a layperson or prospective creditor, would reasonably believe that plaintiff actually owes or is making such payments. The credit reports plainly indicate that both of plaintiff's MFCU accounts were closed and charged off in 2015. Therefore, the reported monthly payments can only be understood as the amounts plaintiff had agreed to pay when the loans were extended. For the reasons stated in its earlier opinion, the Court also rejects plaintiff's argument that MFCU should report $0 because this is recommended by the Credit Reporting Resource Guide, a credit reporting industry handbook. The touchstone of the FCRA is *accuracy*, and the monthly payment amounts at issue in the present case are historically accurate, as is all of the other reported information such as the date the accounts were opened, when plaintiff stopped making payments, and the credit limits.

For these reasons,

---

the monthly payment amounts be replaced with "$0."

IT IS ORDERED that defendant MFCU's motion for summary judgment is granted.

                                                s/Bernard A. Friedman
                                                BERNARD A. FRIEDMAN
Dated: July 8, 2020                   SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan